YATES, Judge.
In January 1989, Ornell Wingo sued River Steel Corporation (River Steel), to recover workmen’s compensation benefits. Wingo alleged that, while employed by River Steel, and in the course of his employment, he contracted histoplasmosis. On April 16, 1991, following an ore tenus proceeding, the trial court found that Wingo was totally and permanently disabled pursuant to the Alabama Workmen’s Compensation Act. On May 14, 1992, River Steel filed a petition pursuant to Ala.Code 1975, § 25-5-57(a)(4)b, to alter, amend or revise the trial court’s previous judgment, alleging that Wingo had recovered from histoplasmosis. On November 30, 1992, following a hearing, the trial court entered an order finding that Wingo had recovered from his histoplasmosis and was no longer entitled to any farther permanent workmen’s compensation benefits. Wingo appeals.
The dispositive issue on appeal is whether the trial court erred in finding that Wingo had recovered and was no longer disabled. The review process in workmen’s compensation cases is two-pronged. This court must first look to see if there is any legal evidence to support the finding of the trial court. If such evidence is found, we then must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record reveals that in 1986 Wingo began working for River Steel as a maintenance man in charge of maintaining River Steel’s building and machinery. As part of his job, Wingo repaired and maintained overhead cranes that were attached to the building. To work on these cranes, Wingo had to go into the building’s attic where he came in contact with dust and debris which contained bird droppings. As a result, he was diagnosed with histoplasmosis in August 1989.
At the hearing on the post-judgment motion, River Steel offered the deposition testimony of Dr. Jack Hasson, a pulmonary physician, who examined Wingo in January 1992. Dr. Hasson testified that he conducted a breathing test to measure Wingo’s lung function. The test revealed that his lung capacity was 77 percent with normal range between 80 and 100 percent. Blood gases tests revealed a normal oxygen level, and an electrocardiogram showed no significant abnormalities. Dr. Hasson diagnosed Wingo with chronic obstructive pulmonary disease (COPD), which is a combination of emphysema and chronic bronchitis most commonly caused by cigarette smoking. Dr. Hasson testified that he found no evidence of active histoplasmosis, and that Wingo had no physical impairment from histoplasmosis. Dr. Hasson stated that, in his opinion, Wingo could return to work with one restriction: avoid heavy dust exposure.
Wingo offered the 1990 deposition of Dr. William P. Saliski, Jr., a pulmonary specialist, who first saw Wingo in August 1989. Dr. Saliski diagnosed Wingo with chronic cavi-tary histoplasmosis (CCH). Dr. Saliski testified that Wingo’s condition was stable and that the disease was not progressive. In Dr. Saliski’s opinion, the histoplasmosis attenuated Wingo’s lung function and his life. Dr. Saliski testified that half of Wingo’s disease process was related to histoplasmosis and half to COPD. Dr. Saliski testified that he would have to conduct additional tests before he could make a determination as to whether Wingo was able to return to work. He stated however, that, in his opinion, Wingo could perform sedentary tasks.
Jackie Walls, a rehabilitation consultant, testified that she interviewed Wingo on September 10, 1992. She administered a wide range of achievement tests and reviewed the depositions of Dr. Saliski and Dr. Hasson. According to Ms. Walls, there were a number of jobs Wingo would qualify for, such as dispatcher, surveillance monitor, and production jobs.
Wingo testified at the hearing that he lays around the house and watches television. He stated that he is able to do light housework. *765 He takes medication for his breathing, for his heart, and for his nerves. He also testified that his condition requires him to use a breathing machine four times a day, and that he coughs up blood in the morning. He testified that he continues to smoke cigarettes and has smoked for thirty years.
After a review of the. record, we find there was legal evidence to support the finding of the trial court that, as a result of medical treatment, Wingo recovered from histoplasmosis and, therefore, was not entitled to any further payment of total permanent workmen’s compensation benefits. A reasonable view of such evidence supports the trial court’s judgment. Eastwood Foods, supra. This ease is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.